TOWNSHIP OF ECORSE v. DETROIT, MONROE & TOLEDO SHORT LINE RAILWAY.

HIGHWAYS AND STREETS—RAILROADS—CROSSINGS—CONSTRUCTION.
   On a bill to enjoin a railway from crossing a highway, it appeared that defendant had secured permission of complainant's commissioner to cross at a certain grade, and had been ordered by the State railway crossing board to make an overhead crossing of other railroads adjacent to said highway, and that complainant had knowledge of, and took part in, the proceeding when the overhead crossing was ordered, and made no protest until the work was nearly completed. *Held*, that complainant under these facts could not object to the crossing on the ground of lack of defendant's authority, and that the decree in all respects grants all the relief to which it is entitled under the pleadings and proofs.

Appeal from Wayne; Brooke, J. Submitted October 15, 1908. (Docket No. 83.) Decided February 2, 1909.

Bill by the township of Ecorse and another against the Detroit, Monroe & Toledo Short Line Railway and an-

other to enjoin the crossing of a highway. From the decree rendered, complainants appeal. Affirmed.

*James H. Pound*, for complainants.

*Brennan, Donnelly & Van De Mark*, for defendants.

McALVAY, J. Complainants, claiming that defendant railway company was illegally building an embankment across Pleasant avenue, one of the principal highways in said township, seven feet higher than the grade of said highway, for the purpose of making a roadbed and laying its tracks across said highway, filed the bill of complaint in this case, and secured a temporary injunction. Defendant Reaume was a former highway commissioner of complainant township. Defendant railway company answered the bill, setting forth that it was a Michigan corporation, organized under the general railroad laws of the State, and was authorized to cross said highway by a permit duly granted by Highway Commissioner Reaume five feet above grade under certain restrictions, also that it had been ordered by the railroad crossing board to make an overhead crossing over the tracks of the Wabash and Michigan Central railroads, notwithstanding the combined efforts of said defendant and the complainant township to secure a grade crossing; that, in constructing its roadbed across said highway, it is following the plans and specifications of the work ordered and approved by the crossing board, and within the authority of the permit lawfully given by Reaume, highway commissioner, and has not obstructed the highway. Upon a hearing a decree was granted complainant, directing defendant railway company to reduce the height of its roadbed at this highway crossing so that from the center of the street grade to the top of the rails should not exceed six feet, and providing for the approaches, the width of the road crossing, the planking between the rails, and the character of the construction and surface of the approaches and guard rails on each side thereof. Complainant has appealed, claim-

ing that no lawful authority was ever given to cross this highway.

From an examination of the entire record we do not think it is necessary to determine whether the permit of the highway commissioner was necessary to allow defendant company to cross this highway. It appears as a fact that the complainant's township board had knowledge of this crossing, was in consultation with defendant and the State crossing board at the time an overhead crossing was considered, and without protest allowed this work to proceed until the roadbed was nearly finished, before any steps were taken to prevent the crossing. It appears from the record that the dispute arose not because of crossing the highway, but because of the excess in height of the embankment over five feet. The testimony of members of the township board shows that with the crossing five feet high, and proper approaches and road construction, the board would be satisfied. The trial court inspected this crossing, and made a decree warranted by the proofs. It in every respect grants all the relief complainant is entitled to under the pleadings and proofs. The height of the crossing is reduced to six feet, instead of five, doubtless because from the record such height would make a safer crossing than a lower one, which would require a steeper grade of the railroad track in approaching from one way.

The decree is affirmed, with costs.

Blair, C. J., and Grant, Hooker, and Moore, JJ., concurred.